CHARLES A. DODGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dodge v. Commissioner
Docket No. 9572-80.
United States Tax Court
T.C. Memo 1983-431; 1983 Tax Ct. Memo LEXIS 360; 46 T.C.M. (CCH) 842; T.C.M. (RIA) 83431; July 25, 1983. Joseph W. Weigel, for petitioner. Joseph T. Chalhoub, and Edward J. Roepsch, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr. for hearing on respondent's motion for summary judgment, filed on October 29, 1982. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set out herein below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax for years and in amounts as follows: Additions to Tax
Year
Deficiency
sec. 6651 (a) [1]
sec. 6653 (a)
sec. 6654 (a)
1973
$333.14
$83.29
$16.66
1974
692.61
173.15
34.63
1975
6,580.38
1,645.09
329.01
$282.76
The facts found are based upon the deemed admissions contained in respondent's request for admissions, filed August 30, 1982. [2]
*362 FINDINGS OF FACT Petitioner is an individual who, at the time his petition in this case was filed, resided at Route 2, Mosinee, Wisconsin. The notice of deficiency for the taxable years 1973, 1974, and 1975, upon which this case is based, was mailed to petitioner on March 19, 1980. Petitioner is a cash basis taxpayer for Federal income tax purposes. During 1973, 1974, and 1975, petitioner did not maintain books and records of his income-producing activities. During the audit of petitioner's 1973, 1974, and 1975 tax liabilities, petitioner did not furnish to the agents of respondent any documents, books, or records. During 1973, 1974, and 1975, petitioner received taxable income from commissions, speaking engagements, and the sale of "tax-protestor" materials. Taxable Year 1973
During 1973, petitioner earned and received the following commissions as a self-employed independent contractor: Bankers Mutual Life Ins. Co.
$ 677.50
Wisconsin National Life Ins. Co.
1,871.83
Reliable Life & Casualty Co.
171.19
Total
$2,720.52
Petitioner was entitled to one exemption and the standard deduction for 1973. Petitioner's correct income, income *363 tax liability, self-employment tax liability, and the statutory deficiency for 1973 are as follows: Income
$2,720.52
Income Tax
$ 195.00
Self-employment Tax
138.14
Total tax liability
$ 333.14
Less: Reported
Deficiency
$ 333.14
Taxable Year 1974
On July 13, 1974, petitioner received a check in the amount of $363.22 from Robert M. O'Dell of Hayward, Wisconsin, which was endorsed by petitioner in 1974. The proceeds from the check were used for petitioner's nondeductible personal expenses and were not deposited in a bank account. The check was received by petitioner in payment for services rendered by petitioner or for materials sold by petitioner. Petitioner received taxable income in 1974 in the amount of $363.22 as the result of the receipt of the check. On May 29, 1974, petitioner received a check in the amount of $60 from Mosinee Research Corporation of Mosinee, Wisconsin, which was endorsed by petitioner in 1974. The proceeds from the check were used for petitioner's nondeductible personal expenses and were deposited in a bank account. The check was received by petitioner in payment for services rendered by petitioner or for materials sold *364 by petitioner. Petitioner received taxable income in 1974 in the amount of $60 as the result of the receipt of the check. On January 4, 1974, petitioner opened a checking account at the Auburndale State Bank, Hewitt Branch, in Auburndale, Wisconsin, under the name of the "Little Peoples Tax Advisory Committee." Petitioner deposited in the account in 1974 and 1975 checks issued to petitioner in payment for the sale of "tax-protestor" materials or speaking engagements. These deposits made to the account in 1974 and 1975 were taxable income to petitioner. The amount of the 1974 deposits, the cash withdrawals from deposits, the checks issued for business expenses, and taxable income represented by deposits to the account are as follows: Deposits
$5,387.65
Cash withdrawals
738.79
Total
$6,126.44
Less: Business expense
checks
3,843.92
Balance, taxable
income
$2,282.52
The cash withdrawn was used by petitioner for nondeductible personal expenses and was not deposited in a bank account. On October 9, 1974, petitioner opened a bank account at the Bank of Eureka Springs, in Eureka Springs, Arkansas, under the name of "Americans for Constitutional Government *365 and Law." Petitioner deposited in this account in 1974 and 1975 checks issued to petitioner in payment for the sale of "tax-protestor" materials or speaking engagements. These deposits made to the account in 1974 and 1975 were taxable income to petitioner. The amounts of the 1974 deposits, the nontaxable V.A. checks, the checks for business expenses, and the taxable income represented by deposits to the account are as follows: Deposits
$3,859.50
Less: Business expense checks
$2,629.30
V.A. checks
118.00
2,747.30
Balance, taxable income
$1,112.20
Petitioner was entitled to one exemption and the standard deduction for 1974. Petitioner's correct income, income tax liability, self-employment tax, tax liability, and the statutory deficiency for 1974 are as follows: Income: O'Dell
$ 363.22
Mosinee Research Corp.
60.00
Auburndale/Hewitt Bank
2,282.52
Bank of Eureka Springs
1,112.20
Total income
$3,817.94
Income Tax
$ 391.00
Self-employment tax
301.61
Total tax liability
$ 692.61
Less: Reported
Deficiency
$ 692.61
Taxable Year 1975
The amounts of taxable cash withdrawals and checks written on the account at the *366 Bank of Eureka Springs are as follows: Taxable cash withdrawals
$6,834.04
Personal checks
1,937.92
Taxable income
$8,771.96
The cash withdrawn was used by petitioner for nondeductible personal expenses and was not deposited in a bank account. On April 3, 1975, petitioner opened a checking account at the Intercity State Bank in Schofield, Wisconsin, under the name of "Little Peoples Tax Advisory Committee." In 1975, petitioner deposited to the account checks issued to petitioner in payment for the sale of "tax-protestor" materials or speaking engagements. These deposits were taxable income to petitioner. The amounts of the 1975 deposits, the cash withdrawn by petitioner from checks deposited to the account, the business expense checks, and the taxable income represented by the deposits to the account are as follows: Deposits
$10,215.10
Cash withdrawals
1,750.00
Total
$11,965.10
Less: Business expense
checks
6,941.62
Balance, taxable income
$ 5,023.48
The cash withdrawn by petitioner from the checks deposited to the account was used by petitioner for nondeductible personal expenses and was not deposited in a bank account. The 1975 *367 deposits, deductible business expense checks, and taxable income represented by the deposits to petitioner's checking account at the above-mentioned Auburndale State Bank, Hewitt Branch are as follows: Taxable deposits
March 13, 1975
$575.00
April 10, 1975
8.64
$583.64
Less: Business expense
checks
77.24
Taxable income
$506.40
In 1975, petitioner deposited in his checking account at the Auburndale State Bank, Schofield Branch, under the name of the "Little Peoples Tax Advisory Committee," the following taxable receipts: Date
Amount
March 18
$1,078.75
March 21
2,500.00
April 9
1,000.00
April 19
2,350.00
Total
$6,928.75
The foregoing deposits were checks issued to petitioner in 1975 in payment for speaking engagements or "tax-protestor" materials. The 1975 deposits, cash withdrawals, business expense checks, and taxable income represented by the deposits are as follows: Deposits
$6,928.75
Cash withdrawals
2,290.00
Total
$9,218.75
Less: Business expense
checks
2,745.07
Balance, taxable income
$6,473.68
The cash withdrawn by petitioner from the checks deposited to the account was used by petitioner *368 for nondeductible personal expenses and was not deposited in a bank account. Petitioner was entitled to one exemption and the standard deduction for 1975. Petitioner's correct taxable income, income tax liability, self-employment tax liability, and statutory income tax deficiency for 1975 are as follows: Income: Bank of Eureka Springs
$ 8,771.96
Intercity State Bank
5,023.48
Auburndale/Hewitt Bank
506.40
Auburndale/Schofield Bank
6,473.68
Total
$20,775.52
Less: Exemption
$750.00
Standard deduction
1,300.00
2,050.00
Balance, taxable income
$18,725.52
Income tax liability
$ 5,496.48
Less: Personal exemption credit
30.00
Balance
$ 5,466.48
Self-employment tax liability
1,113.90
Total tax liability
$ 6,580.38
Reported
Deficiency
$ 6,580.38
During 1974 and 1975, petitioner did not deposit into the bank accounts described above the proceeds from any gift, bequest, devise, loan, or other non-taxable source not already taken into consideration herein. Petitioner's failure to file a Federal income tax return for 1973, 1974, and 1975 was without reasonable cause. Petitioner did not make any estimated tax payments *369 with respect to his 1975 income tax liabilities. Part of petitioner's underpayments of tax for 1973, 1974, and 1975 was due to petitioner's negligence or intentional disregard of rules and regulations. OPINION Respondent has filed a motion for summary judgment that petitioner is liable for deficiencies and additions to tax under sections 6651(a), 6653(a), and 6654(a). Turning first to the deficiencies, the amounts of petitioner's correct taxable income and the deficiency for each of the years have been found as facts, and those facts are predicated upon the matters in respondent's request for admissions, which have been deemed admitted. Those amounts are the same as determined by respondent in the notice of deficiency. Accordingly, petitioner is liable for the deficiencies, as determined by respondent, for each of the years 1973, 1974, and 1975. The next item to be considered is whether petitioner is liable for the addition to tax under section 6651(a) for each of the years. That section provides for imposition of an addition to tax for failure to timely file a return unless such failure is due to reasonable cause and not due to willful neglect. Section 6012(a) provides, *370 in pertinent part, that every individual having for taxable years beginning before 1979 gross income of $750 or more was required to file a return. As the facts show, petitioner had gross income in excess of $750 for each of the years, but he did not file a return for any of those years. It has been found as a fact, supported by a deemed admission, that petitioner's failure was without reasonable cause. Considering the further fact of petitioner's "tax-protestor" activities, petitioner's failure would have been found to be without reasonable cause even if there had been no deemed admission.Accordingly, respondent should be sustained on this issue.
The third issue is whether petitioner is liable for an addition to tax under section 6653(a). That section provides for the imposition of an addition to tax for an underpayment of tax which is due to negligence or intentional disregard of rules and regulations. Here again, it stands admitted that the underpayment for each year was due to negligence or intentional disregard of rules and regulations, and here again there can be no doubt, even absent such an admission, that the underpayments were due, at the very least, to such negligence *371 or intentional disregard. Respondent should be sustained on this issue. The final issue is whether petitioner is liable for the mandatory addition to tax under section 6654(a) for 1975. That section provides for an imposition of an addition to tax for underpayment of estimated tax, except under the circumstances described in section 6654(d) -- none of which are present in the instant case. It stands admitted that petitioner did not make any payments of estimated tax with respect to his 1975 income tax liabilities, and accordingly, respondent should be sustained on this issue. There being no genuine issue as to any material fact and respondent being clearly entitled to prevail on every issue as a matter of law, his motion for summary judgment should be granted and a decision entered in his favor for the deficiencies and additions to tax determined by him. It is deemed appropriate to warn petitioner that if he should bring another case of the same stripe as the present one, the Court would be disposed to award damages against him under section 6673. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner filed no response to the request for admissions. Respondent filed the subject motion for summary judgment on October 29, 1982, which was calendared for hearing on December 1, 1982. On November 29, 1982, petitioner filed a motion for enlargement of time to respond to the request for admissions. That motion was denied by order dated May 3, 1983 (accompanied by a memorandum sur order), wherein petitioner was given 45 days (until June 17, 1983) to file a motion under this Court's Rule 90(e) for modification or withdrawal of admissions. Petitioner has not filed such a motion, and the matters embraced in respondent's request for admissions continue to stand therfore deemed admitted.↩